NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30671
23-JAN-2012
09:21 AM

NO. 30671

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ROBERT L. PESTANA, JR., on behalf of
KP and JP, Minors, Petitioner-Appellee,
v.
HELENE STONE, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 10-1-0629)

and

ROBERT L. PESTANA, JR., on behalf of
KP and JP, Minors, Petitioner-Appellee,
v.
KAULANANAPUA E.R. STONE, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 10-1-0638)

ORDER DISMISSING ALL APPEALS IN APPELLATE COURT
CASE NUMBER 30671 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Upon review of (1) the record on appeal, (2) the

December 15, 2010 order consolidating Appeal Nos. 30671 and 30672

under Appeal No. 30671, and (3) the January 27, 2011 order

dismissing Appeal No. 30672, we enter this order of dismissal to

clarify that we dismiss all appeals in the consolidated appeals under Appeal No. 30671. It appears that we lack jurisdiction over (a) the appeal that Respondent-Appellant Helene Stone (Appellant Helene Stone) has asserted in Appeal No. 30671 from the Honorable Nancy Ryan's May 10, 2010 order for protection in FC-DA No. 10-1-0629 and (b) the appeal that Respondent-Appellant Kaulananapua Stone (Appellant Kaulananapua Stone) has asserted in Appeal No. 30672 from the Honorable Nancy Ryan's May 10, 2010 order for protection in FC-DA No. 10-1-0638, because both Appellant Helene Stone's appeal and Appellant Kaulananapua Stone's appeal are untimely under Rule 4(a)(1) and Rule 4(a)(4)(B) of the Hawai'i Rules of Appellate Procedure (HRAP).

The two May 10, 2010 orders for protection in (1) FC-DA No. 10-1-0629 and (2) FC-DA No. 10-1-0638, respectively, were appealable final orders pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006), and the entry of the two May 10, 2010 orders for protection in FC-DA No. 10-1-0629 and FC-DA No. 10-1-0638 triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing timely notices of appeal. No party in either FC-DA No. 10-1-0629 or FC-DA No. 10-1-0638 filed any tolling motions that would have extended the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3). The Honorable Gale L.F. Ching entered an August 4, 2010 order in (1) FC-DA No. 10-1-0629 and (2) FC-DA No. 10-1-0638, respectively, that purported to

    (1)    grant Appellant Helene Stone's July 9, 2010 motion for an extension to file a notice of appeal in FC-DA No. 10-1-0629 pursuant to HRAP Rule 4(a)(4)(B), and

    (2)    grant Appellant Kaulananapua Stone's July 9, 2010

-2-

motion for an extension to file a notice of appeal in
FC-DA No. 10-1-0638 pursuant to HRAP Rule 4(a)(4)(B).

However, neither of the two August 4, 2010 orders complies with the requirements for an extension under HRAP Rule 4(a)(4)(B) because both of the August 4, 2010 orders purport to grant an extension "exceed[ing] 30 days past the prescribed time." HRAP Rule 4(a)(4)(B). The rule states:

> (B) Requests for extension of time _after expiration of the prescribed time_. The court or agency appealed from, _upon a showing of excusable neglect,_ may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this rule. However, _no such extension shall exceed 30 days past the prescribed time_. Notice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from.

HRAP Rule 4(a)(4)(B) (emphases added). Therefore, the two August 4, 2010 orders purporting to grant extensions pursuant to HRAP Rule 4(a)(4)(B) are not valid. Appellant Helene Stone and Appellant Kaulananapua Stone did not file their respective August 5, 2010 notices of appeal within thirty days after entry of the May 10, 2010 orders for protection in FC-DA No. 10-1-0629 and FC-DA No. 10-1-0638, as HRAP Rule 4(a)(1) required, and, thus, their appeals are untimely.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack jurisdiction over Appellant Helene Stone's untimely appeal and

Appellant Kaulananapua Stone's untimely appeal.

Accordingly, IT IS HEREBY ORDERED that all appeals in the consolidated appeals under Appeal No. 30671 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 23, 2012.

Chief Judge

Associate Judge

Associate Judge